## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Global Trademarks, Inc., | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| | JURY TRIAL DEMANDED |
| Swimsuits for All, LLC; FullBeauty Brands Operations, LLC; Jessica London, Inc.; and FullBeauty Brands, Inc.; | |
| Defendants. | |

## COMPLAINT

Plaintiff Global Trademarks, Inc. ("Global Trademarks" or "Plaintiff") for its

Complaint against Defendants Swimsuits for All, LLC, FullBeauty Brands

Operations, LLC, Jessica London, Inc., and FullBeauty Brands, Inc. (collectively,

"Defendants"), allege as follows, upon actual knowledge with respect to itself and

its own acts, and upon knowledge, information, and belief as to all other matters:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement under the Patent Act, 35

U.S.C. § 271, *et seq.*, and trademark infringement and unfair competition under the

Lanham Act, 15 U.S.C. § 1051, *et seq.* and Indiana common law, based on

Defendants' unauthorized commercial manufacture, distribution, use, offer for sale,

and/or sale of swimwear in violation of Plaintiff's rights. Specifically, Defendants

copied Global Trademarks':

1

- "Rita"-style patented swimsuit top design;

- "Criss-Cross Escape"-style patented swimsuit design;

- "Ronnie"-style patented swimsuit top design; and

- SWIM SOLUTIONS® trademark.

Defendants' conduct shows a pattern of willful bad-faith copying to deceive consumers and unfairly profit from Global Trademarks' innovative designs and from the goodwill, trust, and recognition that Global Trademarks has long labored to build. Plaintiff seeks equitable and monetary relief from Defendants' multiple and flagrant violations of its valuable intellectual property rights.

## PARTIES

### *Plaintiff*

2.      Plaintiff Global Trademarks is a Nevada corporation with its principal place of business located at 610 Uhler Rd., Easton, PA 18040.

### *Defendants*

3.      Defendant Swimsuits for All, LLC ("SFA") is an Indiana limited liability company with its principal place of business located at 2300 Southeastern Avenue, Indianapolis, IN 46201. On information and belief, Defendant SFA is responsible for the swimsuits available for sale on the website, www.swimsuitsforall.com, as well as the swimsuits available for sale via the "Swimsuits for All" catalogue. Defendant SFA is also the owner of record of the

"Swimsuits for All" trademarks registered with the United States Patent and Trademark Office.

4.     Defendant FullBeauty Brands Operations, LLC ("FBO") is an Indiana limited liability company with its principal place of business located at 2300 Southeastern Avenue, Indianapolis, IN 46201. Defendant FBO is listed as the registrant of the domain names, www.swimsuitsforall.com, www.catherines.com, www.onestopplus.com, www.womanwithin.com, www.roamans.com, www.jessicalondon.com, www.ellos.us, and www.fullbeauty.com, all of which sell "Swimsuits for All" products. The "Swimsuits for All" catalogue also notes that "Swimsuits for All" is a "FullBeauty brand." Defendant FBO is also the owner of record of the "Swim 365" trademark registered with the United States Patent and Trademark Office; the www.swimsuitsforall.com website also sells swimwear "by Swim 365."

5.     Defendant Jessica London, Inc. ("JL") is an Indiana corporation with its principal place of business located at 2300 Southeastern Avenue, Indianapolis, IN 46201. Defendant JL is listed as the sole member of Defendant SFA.

6.     Defendant FullBeauty Brands, Inc. ("FBB") is a Delaware corporation with a regular and established place of business located at 2300 Southeastern Avenue, Indianapolis, IN 46201. The "Swimsuits for All" catalogue also notes that "Swimsuits for All" is a "FullBeauty brand." Defendant FBB is listed as the registrant of the domain names, www.juneandvie.com, www.activeforall.com, and

www.intimatesforall.com, all of which sell "Swimsuits for All" products. On information and belief, Defendant FBB also controls, manages, and/or operates, in whole or in part, the website, www.swimsuitsforall.com and/or the "Swimsuits for All" catalogue. In addition, the "Swimsuits for All" trademark registrations identify as a correspondent e-mail intellectual.property@fbbrands.com, and the www.fbbrands.com domain name is registered by Defendant FBB.

7.      Defendants appear to share members and/or executives. For example:

a.      Jim Fogarty is a managing member of Defendant FBO and Director and Chief Executive Officer of both Defendant JL and Defendant FBB.

b.      Cliff Moskowitz is a managing member of Defendant FBO and a Director of both Defendant JL and Defendant FBB.

c.      Kirsten Hagan is a Director of both Defendant JL and Defendant FBB.

d.      Lauren Gee is Secretary of both Defendant JL and Defendant FBB.

e.      Ryan Abren is Treasurer/Assistant Secretary of Defendant JL and Treasurer of Defendant FBB.

8.      All Defendants share the same address as their principal place of business as listed with the Indiana Secretary of State, namely, 2300 Southeastern Avenue, Indianapolis, IN 46201.

4

## JURISDICTION AND VENUE

9.     This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338 (patent and trademark infringement). This Court has supplemental jurisdiction over Plaintiff's state common-law claim pursuant to 28 U.S.C. § 1367 because that claim is substantially related to Plaintiff's federal Lanham Act claims.

10.     This Court has personal jurisdiction over Defendants SFA, FBO, and JL because those Defendants are incorporated and reside in the State of Indiana with their principal places of business in this judicial district.

11.     This Court has personal jurisdiction over Defendant FBB because it resides in the State of Indiana with its principal places of business in this judicial district.

12.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b). On information and belief, Defendants have committed acts of infringement of the patents and trademark at issue in this district by offering for sale infringing swimwear and have a regular and established place of business in this district and/or are incorporated in this district.

13.     Venue is further proper under 28 U.S.C. § 1391 as the Defendants may be found or transact business in this district and a substantial part of the events giving rise to the Plaintiff's claims occurred and are continuing to occur in this district.

## GLOBAL TRADEMARKS AND ITS POPULAR, SUCCESSFUL, AND WELL-KNOWN SWIMWEAR DESIGNS

14.     With its roots tracing back to the 1930's, Global Trademarks and its related companies—doing business under the "Swim USA" umbrella, including A&H Sportswear, Co.; Penbrooke Swimsuits, Inc.; Mainstream Swimsuits, Inc.; and Mainstream International, Corp. (collectively, "Swim USA")—combine to form one of the most successful and admired makers of swimwear. Swim USA's innovative figure-flattering swimsuit designs have enjoyed tremendous commercial success, widespread recognition, and a loyal customer following.

15.     Swim USA executes its cutting-edge design efforts from its own studios in Los Angeles, New York City, and Pennsylvania. These studios house a team of over 40 designers, with a full complement of technical designers and pattern-makers, specializing in all categories of swimwear.

16.     Swim USA also executes all its own product development, with over 30 full-time pattern-makers, and sample making in-house using four state-of-the-art product development centers in the United States and in China.

17.     Swim USA executes all its own color and print development at its in-house textile design group in New York City, including a library of over 200,000 pieces of print art. This team is made up of expert trend stylists, colorists, print/CAD designers, hand painters, and technical engineers.

18.     Swim USA's proprietary swimwear and apparel brands include MIRACLESUIT®, MAGICSUIT®, VITAMIN A®, AMORESSA®, LONGITUDE®, PENBROOKE®, TRIMSHAPER®, ACTIVE SPIRIT®, and SWIM SOLUTIONS®.

19.     Swim USA also designs and manufactures swimwear and related apparel for the POLO RALPH LAUREN® and LAUREN RALPH LAUREN® brands. For the 2011 to the 2022 seasons, Swim USA also designed and manufactured swimwear and related apparel for the REEBOK® brand.

20.     Swim USA offers its fashion swimwear for a diverse customer base of all ages, in a broad range of price points. Its products are offered, promoted, and sold through a network of dynamic national retailers across the United States, including Nordstrom's, Neiman Marcus, Macys, Dillard's, Lord & Taylor, Belk, J.C. Penny, Kohls, Target, and Walmart; well-known specialty stores, like Everything But Water and Soma; and online retailers, like Amazon.com, Zappos.com, and LandsEnd.com.

21.     Swim USA estimates it has more than 20% market share of the traditional women's swimwear market in the United States. Its customers recognize it as the industry leader in swimwear fit technology and innovation.

22.     Swim USA's swimwear line has included the "Rita" and "Ronnie"-style swimsuit tops since at least 2011, and the "Criss Cross Escape"-style

swimsuit since at least 2016. Each has a unique, recognizable, and elegant design, as shown below:

  

| Rita Swimsuit Tankini | Criss-Cross Escape Swimsuit | Ronnie Swimsuit Tankini |

23.     Swim USA's intellectual property is owned by Global Trademarks, who has a long tradition of protecting its cutting-edge designs and brands by obtaining and enforcing its design patent and trademark rights throughout the United States. Global Trademarks has licensed the design patents and trademark at issue here to Swim USA.

## THE ASSERTED DESIGN PATENTS

24.     For the design patents at issue, the Swim USA designers filed design patent applications to protect their innovative swimsuit designs and eventually assigned their rights in those patents to Global Trademarks.

25.     U.S. Design Patent No. D687,212 S for "Swimsuit Top" (the "'212 Patent") was duly and lawfully issued by the USPTO on August 6, 2013 to Global Trademarks. The '212 Patent is titled "Swimsuit Top." Mark Waldman and Brian Davis are listed as the inventors. The patent issued from U.S. Design Patent Application No. 29/411,616 (the "'616 Application"), which was filed on January 24, 2012. On January 24, 2012, Mr. Waldman and Mr. Davis assigned their rights in the design claimed in the '212 Patent to Global Trademarks. The assignment was recorded with the USPTO and is located at reel/frame number 027586/0156.

26.     The '212 Patent carries a presumption of validity under 35 U.S.C. § 282(a) and is enforceable.

27.     The '212 Patent claims a new, original, and ornamental design for a swimsuit top, as shown in the figure of the '212 Patent, reproduced in part below and shown in **Exhibit 1**, with the broken lines of equal length forming no part of the claimed design:



28.    Swim USA, under license from Global Trademarks, manufactures multiple products, including the MAGICSUIT® "Rita"-style swimsuit top, which embodies the claimed design of the '212 Patent:

 

Rita Swimsuit Top                    The '212 Patent

29.    Global Trademarks complies with the marking and notice requirements of 35 U.S.C. § 287. Below is an example notice placed on the sewn-in labels of the MAGICSUIT® "Rita"-style swimsuits:





30.     U.S. Design Patent No. D866,123 S for "Swimsuit" (the "'123 Patent") was duly and lawfully issued by the USPTO on November 12, 2019 to Global Trademarks. The '123 Patent is titled "Swimsuit." Mark Waldman is listed as the sole inventor. The patent issued from U.S. Design Patent Application No. 29/624,447 (the "'447 Application"), which was filed on November 1, 2017. On October 31, 2017, Mr. Waldman assigned his rights in the design claimed in the '447 Patent to Global Trademarks. The assignment was recorded with the USPTO and is located at reel/frame number 044002/0197.

31.     The '123 Patent carries a presumption of validity under 35 U.S.C. § 282(a) and is enforceable.

32.     The '123 Patent claims a new, original, and ornamental design for a swimsuit, as shown in the figure of the '123 Patent, reproduced in part below and

shown in **Exhibit 2**, with the broken lines of equal length forming no part of the claimed design:



33.    Swim USA, under license from Global Trademarks, manufactures multiple products, including the MIRACLESUIT® "Criss-Cross Escape"-style swimsuit, which embodies the claimed design of the '123 Patent:

 

Criss-Cross Escape Swimsuit                    The '123 Patent

34.    Global Trademarks complies with the marking and notice

requirements of 35 U.S.C. § 287. Below is an example notice placed on the sewn-

in labels of the MIRACLESUIT® "Criss-Cross Escape"-style swimsuits:

14



35.     U.S. Design Patent No. D742,620 S for "Swimsuit Top" (the "'620 Patent") was duly and lawfully issued by the USPTO on November 10, 2015 to Global Trademarks. The '620 Patent is titled "Swimsuit." Mark Waldman and Brian Davis are listed as the inventors. The patent issued from U.S. Design Patent Application No. 29/469,467 (the "'467 Application"), which was filed on October 10, 2013. On January 24, 2012, Mr. Waldman and Mr. Davis assigned their rights in the design claimed in the '620 Patent to Global Trademarks. The assignment was recorded with the USPTO and is located at reel/frame number 033208/0145.

36.     The '620 Patent carries a presumption of validity under 35 U.S.C. § 282(a) and is enforceable.

37.     The '620 Patent claims a new, original, and ornamental design for a swimsuit, as shown in the figure of the '620 Patent, reproduced in part below and

shown in **Exhibit 3**, with the broken lines of equal length forming no part of the claimed design:



38.   Swim USA, under license from Global Trademarks, manufactures multiple products, including the TRIMSHAPER® "Ronnie"-style swimsuit top, which embodies the claimed design of the '640 Patent:





Ronnie Swimsuit Top                    The '640 Patent


## SWIM SOLUTIONS® TRADEMARK

39.     Global Trademarks is the owner and registrant of the trademark

SWIM SOLUTIONS®, United States Registered Trademark No. 4,080,817, for

"Swimwear," attached as **Exhibit 4**. Global Trademarks, through its licensee and

affiliated company Penbrooke Swimsuits, Inc., has sold in commerce SWIM

SOLUTIONS®-branded swimwear since as early as August 8, 2011. It has used

the SWIM SOLUTIONS® mark continuously in United States commerce since

that time.

40.     The right to use the SWIM SOLUTIONS® trademark has become incontestable under the provisions of 15 U.S.C. § 1065 since at least as early as December 18, 2017.

41.     The registration for SWIM SOLUTIONS® is valid and subsisting and has never been cancelled.

42.     The SWIM SOLUTIONS®-branded swimwear has been available for purchase at Macy's brick-and-mortar and online stores. A partial screenshot of the SWIM SOLUTIONS®-branded swimwear, as available on www.macys.com, is shown below:





43.     The SWIM SOLUTIONS® mark also appears on hangtags attached to the swimsuits themselves, e.g.:



44.     Global Trademarks, through its licensee, has invested substantial time, effort, and financial resources promoting its SWIM SOLUTIONS® mark in connection with the marketing and sale of its goods in interstate commerce. The SWIM SOLUTIONS® mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products, and its goodwill. The consuming public recognizes the SWIM SOLUTIONS® trademark and associates it with one source.

19

45.     The SWIM SOLUTIONS® mark is distinctive as applied to the goods that bear the mark.

## DEFENDANTS' WRONGFUL ACTS

46.     Without Plaintiff's authorization or approval, Defendants have been offering, promoting, and selling knock-off swimsuits that infringe Plaintiff's design patents and trademark rights.

47.     Defendants have been long aware of Swim USA and its products. At least as early as 2012 and through 2018, Defendant SFA (or its predecessor) bought swimsuits from Swim USA for resale.

48.     At least as early as 2017 and through 2019, Defendant FBO bought swimsuits from Swim USA for resale.

49.     Since 2019, Defendants no longer buy swimsuits from Swim USA. Instead, they copy the swimwear designed and manufactured by Swim USA.

50.     Rather than purchase Swim USA's innovative and uniquely designed swimwear, Defendants have resorted to creating, offering for sale, promoting, and selling knock-off swimsuits that infringe upon Plaintiff's U.S. Design Patent Registration Nos. D687,212; D866,123; and D742,620 (collectively, the "Patents-in-Suit")—as well as Plaintiff's SWIM SOLUTIONS® trademark, without Plaintiff's authorization or approval.

51.     As shown in the photographs below, Defendants have been making, offering, promoting, and selling knock-off swimsuits using the "Rita"-style

20

swimsuit top design, as claimed in the '212 Patent, through their "Longer-Length Tiered-Ruffle Tankini Top" product:



52.     Defendants' "Longer-Length Tiered-Ruffle Tankini Top" is available for sale at least via catalogue and telephone, as well as on www.swimsuitsforall.com, www.onestopplus.com, www.womanwithin.com, www.catherines.com, www.roamans.com, www.jessicalondon.com, www.ellos.us, www.juneandvie.com, www.intimatesforall.com, and Amazon (for example at https://www.amazon.com/Swimsuits-All-Womens-Tiered-Ruffle-Tankini/dp/B07L6STXYT/).

53.     Defendants have also been making, offering, promoting, and selling knock-off swimsuits using the "Criss-Cross Escape"-style swimsuit design, as

claimed in the '123 Patent, through their "Twist Underwire Bandeau One Piece Swimsuit" product:



54.    Defendants' "Twist Underwire Bandeau One Piece Swimsuit" is available for sale at least via catalogue and on www.swimsuitsforall.com, www.onestopplus.com, www.womanwithin.com, www.catherines.com, www.roamans.com, www.jessicalondon.com, www.ellos.us, www.juneandvie.com, www.intimatesforall.com, www.fullbeautyoutlet.com, and Amazon (for example at https://www.amazon.com/Swimsuits-All-Underwire-Bandeau-Swimsuit/dp/B0BT7ZRB5G/).

55.     Defendants have also been making, offering, promoting, and selling knock-off swimsuits using the "Ronnie"-style swimsuit top, as claimed in the '640 Patent, through their "Mesh Double-Tier Tankini Top" product:



56.     Defendants' "Mesh Double-Tier Tankini Top" is available for sale at least via catalogue and telephone, as well as on www.swimsuitsforall.com, www.onestopplus.com, www.womanwithin.com, www.catherines.com, www.roamans.com, www.jessicalondon.com, www.ellos.us, www.juneandvie.com, www.intimatesforall.com, and Amazon (for example at https://www.amazon.com/Swimsuits-All-Womens-Double-Tier-Tankini/dp/B08Q7ST8QK/).

57.     In general, Defendants' typical customer would be a consumer who is interested in buying a women's swimsuit. This typical customer would at least find Defendants' products online through Defendants' own website (as described below) and through Amazon.com. Defendants' products at issue originally retailed for between $79.99 to $115.00.

58.     Defendants' copying not new; it follows a pattern of copying various Swim USA styles and patterns, including the following:



| *Plaintiff's Styles* | *Defendants' Copies* |
|---|---|
| MIRACLESUIT®<br>"New Sensation Barcelo"[1] | SWIMSUITS FOR ALL<br>"V-Neck One Piece" |

---

[1] For all Plaintiff's styles pictured, there may be earlier styles with different prints or color and/or under a different SWIM USA brand. For example, Swim USA also designed and manufactured this style under its PENBROOKE® line at least as early as the 2012 Season.



| *Plaintiff's Styles* | *Defendants' Copies* |
|---|---|
| TRIMSHAPER® "Averi" | SWIMSUITS FOR ALL "Ruched Twist Front One Piece" |
| MIRACLESUIT® "Network Bordeaux" | SWIMSUITS FOR ALL "Mesh Wrap Bandeau" |



| *Plaintiff's Styles* | *Defendants' Copies* |
|---|---|
| SWIM SOLUTIONS® "Tie Side Blouson" | SWIMSUITS FOR ALL "Side Tie Blouson Tankini Top" |
| MIRACLESUIT® "Lovey" | SWIMSUITS FOR ALL "Mesh-Draped Swimsuit" |

59.     Defendants do not limit their copying to just swimwear styles.

Defendants also copy the swimwear prints created by Swim USA. A few examples

of Defendants' copying include:



| ***Plaintiff's Prints*** | ***Defendants' Copies*** |
|---|---|
| MIRACLESUIT® "Plumeria" print | SWIMSUITS FOR ALL "Multi Flower Engineered" print |
| LONGITUDE® | SWIMSUITS FOR ALL |

| *Plaintiff's Prints* | *Defendants' Copies* |
|---|---|
| "Meridian" print | "Purple Sunburst" print |



| LONGITUDE® "Sound Wave" print | SWIMSUITS FOR ALL "Blue Starburst" print |
|---|---|
| LONGITUDE® "Shades of Blue" print | SWIMSUITS FOR ALL "Silver Foil Animal" print |

| *Plaintiff's Prints* | *Defendants' Copies* |
|---|---|



| ACTIVE SPIRIT®<br>"Tranquil Seas" print | SWIMSUITS FOR ALL<br>"Teal Sunburst" print |
|---|---|

60.     Without authorization from Global Trademarks, Defendants have been using the SWIM SOLUTIONS® mark throughout their various websites. For example, on the www.swimsuitsforall.com homepage, Defendants have inserted a banner titled, "SWIM SOLUTIONS You can count on!" as pictured below:



61.   In addition, on most of Defendants' product pages, under the product "Description & Details," Defendants insert a bullet point entitled "Swim Solutions." An example is shown below (highlight added):

**Description & Details**

Swimsuits For All
Item Number: Please Select Size
At the beach and in the pool, this Chlorine Resistant High Neck One Piece is made to last! Expertly designed with high-quality fabric that resists fading and retains its shape, swim after swim, this suit can really go the distance. Power Mesh lining smooths your shape so you look and feel your best for every sunny-day adventure in a one piece suit with staying power.

- High neck
- Power Mesh encircled shelf bra with plush elastic underband and sewn-in soft cups
- Non-adjustable wide straps offer full bust support
- Fully lined swimsuit with Power Mesh tummy-control front lining

- 80% Nylon / 20% Spandex
- Hand wash with mild soap. Roll suit in towel & squeeze out excess water. Dry flat; avoid washers & dryers.
- Imported

- Full bottom coverage
- Swim Solutions: Tummy Control

62.   Defendants' prominent display of the mark "SWIM SOLUTIONS" on a banner, and repetitive uses of the mark on nearly every product page ensures that

Defendants' websites are returned on the first page of popular search engines, such as Google or Bing, when a customer searches for Plaintiff's SWIM SOLUTIONS®-branded swimwear.

## INJURY TO GLOBAL TRADEMARKS AND THE PUBLIC

63.     By copying Plaintiff's patented designs, Defendants have unfairly benefited from Plaintiff's and Swim USA's hard-earned innovations. As a result of the undeniable similarities between the Swim USA's "Rita," "Criss Cross Escape," and the "Ronnie"-style swimsuit products, the public is likely to mistake and/or confuse Defendants' products with Swim USA's licensed products and Plaintiff's patented designs.

64.     Defendants' unauthorized uses of the SWIM SOLUTIONS® mark are likely to cause confusion, mistake, and deception as to the source or origin of Defendants' products, and are likely to falsely suggest a sponsorship, connection, or association between Defendants, their products, and/or their commercial activities with Swim USA.

65.     As a direct and proximate result of Defendants' infringements, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendants have and will continue to unfairly acquire income, profits, and goodwill.

66.     Defendants' acts, as described above, have damaged and irreparably injured and if permitted to continue, will further damage and irreparably injure Plaintiff and its federally registered design patents and mark.

67.     Plaintiff has no adequate remedy at law.

68.     Defendants have acted knowingly, willfully, in reckless disregard of Plaintiff's rights, and in bad faith, as evidenced in part by Defendants' history with Swim USA and their obvious copying of Plaintiff's designs and mark.

## COUNT I
## DESIGN PATENT INFRINGEMENT OF THE '212 PATENT
## UNDER 35 U.S.C. §§ 271, 289

69.     Global Trademarks repeats and incorporates by reference all prior allegations above.

70.     In the eye of the ordinary observer, familiar with the relevant prior art, giving such attention as a purchaser of Defendants' "Longer-Length Tiered-Ruffle Tankini Top" would usually give, the design of the '212 Patent and the design of Defendants' "Longer-Length Tiered-Ruffle Tankini Top" are substantially the same, such that the ordinary observer would be deceived into believing that the design of Defendants' "Longer-Length Tiered-Ruffle Tankini Top" is same as the design of the '212 Patent.

| *The '212 Patent* | *Defendants' Design* |
|---|---|



| *The '212 Patent* | *Defendants' Design* |
|---|---|
| FIG. 1 | |
| FIG. 2 | |

| The '212 Patent | Defendants' Design |
|---|---|
|  | |

FIG. 3

FIG. 4

| The '212 Patent | Defendants' Design |
|:---:|:---:|
|  FIG. 5 | |

71.     Defendants have directly infringed and continue to infringe the '212 Patent by making, using, selling, and offering for sale in the United States, and/or importing into the United States the "Longer-Length Tiered Ruffle Tankini Top" embodying the design of the '212 Patent, without authority or license from Global Trademarks. Additionally, Defendants have infringed and continue to infringe the '212 Patent by applying the patented design, or a colorable imitation thereof, to an article of manufacture, such as the "Longer-Length Tiered Ruffle Tankini Top," for the purpose of sale and/or by selling, offering, or exposing for sale an article of manufacture, such as the "Longer-Length Tiered Ruffle Tankini Top," to which the

design of the '212 Patent or a colorable imitation thereof has been applied.

Defendants' actions violate 35 U.S.C. §§ 271(a) and 289.

## COUNT II
## DESIGN PATENT INFRINGEMENT OF THE '123 PATENT
## UNDER 35 U.S.C. §§ 271, 289

72.     Global Trademarks repeats and incorporates by reference all prior

allegations above.

73.     In the eye of the ordinary observer, familiar with the prior art, giving

such attention as a purchaser of Defendants' "Twist Underwire Bandeau One Piece

Swimsuit" would usually give, the design of the '123 Patent (second embodiment)

and the design of Defendants' "Twist Underwire Bandeau One Piece Swimsuit" are

substantially the same, such that the ordinary observer would be deceived into

believing that the design of Defendants' "Twist Underwire Bandeau One Piece

Swimsuit" is same as the design of the '123 Patent (second embodiment).

| *The '123 Patent* | *Defendants' Design* |
| --- | --- |

| The '123 Patent | Defendants' Design |
|:---:|:---:|



FIG. 5

FIG. 6

| *The '123 Patent* | *Defendants' Design* |
|---|---|



FIG. 7

FIG. 8

## COUNT III
## DESIGN PATENT INFRINGEMENT OF THE '620 PATENT
## UNDER 35 U.S.C. §§ 271, 289

74.     Global Trademarks repeats and incorporates by reference all prior allegations above.

75.     In the eye of the ordinary observer, familiar with the prior art, giving such attention as a purchaser of Defendants' "Mesh Double-Tier Tankini Top" would usually give, the design of the '620 Patent and the design of Defendants' "Mesh Double-Tier Tankini Top" are substantially the same, such that the ordinary observer would be deceived into believing that the design of Defendants' "Mesh Double-Tier Tankini Top" is same as the design of the '620 Patent.

| *The '620 Patent* | *Defendants' Design* |
|---|---|



FIG. 1



| The '620 Patent | Defendants' Design |
|---|---|
| FIG. 2 | |
| FIG. 3 | |

| The '620 Patent | Defendants' Design |
|:---:|:---:|
|  | |
| FIG. 4 | |

76.     Defendants have infringed and continue to infringe the '620 Patent by making, using, selling, and offering for sale in the United States, and/or importing into the United States the "Mesh Double-Tier Tankini Top" embodying the design of the '620 Patent, without authority or license from Global Trademarks. Additionally, Defendants have infringed and continue to infringe the '620 Patent by applying the patented design, or a colorable imitation thereof, to an article of manufacture, such as the "Mesh Double-Tier Tankini Top," for the purpose of sale and/or by selling, offering, or exposing for sale an article of manufacture, such as the "Mesh Double-Tier Tankini Top," to which the design of the '620 Patent or a

colorable imitation thereof has been applied. Defendants' actions violate 35 U.S.C. §§ 271(a) and 289.

## COUNT IV
## INFRINGEMENT OF THE SWIM SOLUTIONS® TRADEMARK

77.     Global Trademarks repeats and incorporates by reference all prior allegations above.

78.     Without Global Trademark's consent, Defendants have used and continue to use in commerce Plaintiff's SWIM SOLUTIONS® mark in connection with the sale, offering for sale, distribution, and/or advertising of goods on or in connection with which such use is likely to cause confusion, mistake, or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT V
## FEDERAL UNFAIR COMPETITION AND FALSE
## DESIGNATION OF ORIGIN

79.     Global Trademarks repeats and incorporates by reference all prior allegations above.

80.     Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants, their goods, and/or their commercial activities by or with Plaintiff, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

## COUNT VI

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## UNDER INDIANA COMMON LAW

81.     Global Trademarks repeats and incorporates by reference all prior allegations above.

82.     Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants, their services, and their commercial activities by or with Plaintiff such that Defendants' acts constitute infringement of Plaintiff's proprietary rights in its SWIM SOLUTIONS® mark, misappropriation of Plaintiff's goodwill in that mark, and unfair competition under Indiana common law.

## REQUEST FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it the following relief, including, but not limited to:

A.     A judgment that Defendants' use the Rita, Criss-Cross Escape, and Ronnie designs has infringed the claimed design of each of the Patents-in-Suit;

B.     An order preliminarily and permanently restraining and enjoining Defendants, their officers, agents, attorneys and employees, and those acting in privity or concert with Defendants, from further acts of

43

infringing the Patents-in-Suit including, but not limited to, making, importing, promoting, offering, or exposing for sale, or selling the products with designs substantially similar to the claimed design of the Patents-in-Suit, as explained above, until after the expiration date of the Patents-in-Suit;

C.   A judgment against Defendants for Defendants' total profits for any article of manufacture to which the design of the Patents-in-Suit has been applied as a result of Defendant's infringement of the Patents-in-Suit in an amount to be determined at trial as provided under 35 U.S.C. § 289 and for money damages sustained as a result of Defendants' infringement of the Patents-in-Suit in an amount to be determined at trial as provided under 35 U.S.C. § 284, whichever is elected by Plaintiff at trial;

D.   An accounting of Defendants' profits pursuant to 35 U.S.C. § 289;

E.   Costs and reasonable attorneys' fees relating to this action pursuant to 35 U.S.C. § 285;

F.   A judgment that Defendants have infringed the SWIM SOLUTIONS® registered trademark and engaged in unfair competition in violation of 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), and Indiana common law;

G.      An order preliminarily and permanently restraining and enjoining Defendants, their officers, agents, attorneys and employees, and those acting in privity or concert with Defendants, from further acts of infringing the SWIM SOLUTIONS® trademark or any confusingly similar marks to market, advertise, distribute, or identify Defendants' products;

H.      A judgment awarding Plaintiff all damages it sustained as the result of Defendants' acts of trademark infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

I.      A judgment awarding Plaintiff all profits received by Defendants from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117;

J.      Costs and reasonable attorneys' fees relating to this action pursuant to 15 U.S.C. § 1117;

K.      An Order directing Defendants to immediately send to Plaintiff all products, advertisements, hangtags, promotional materials, stationery, forms, and/or any other materials and things that contain or bear products embodying the Patents-in-Suit or any other designs that are substantially similar to Plaintiff's Patents-in-Suit, the SWIM

SOLUTIONS® trademark, or any marks that are likely to be confused with Plaintiff's mark.

L.     Any other and further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands trial by jury on all issues so triable by jury in this action.

Dated: April 5, 2024          Respectfully submitted,

*/s/ Brittney B. Rykovich*
Brittney B. Rykovich (34843-49)
Gordon Rees Scully Mansukhani / GRSM50
600 E. 96th Street, Suite 501
Indianapolis, IN 46240
(317) 713-0902
brykovich@grsm.com

Douglas A. Rettew (pro hac vice pending)
Elizabeth D. Ferrill (pro hac vice pending)
Natalie Nogueira (pro hac vice pending)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000
doug.rettew@fiunnegan.com
elizabeth.ferrill@finnegan.com
natalie.nogueira@finnegan.com

*Attorneys for Plaintiff*